STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-02-032

GAE - YOR - 1/2 ;0002

KARL LEMIEUX,

Plaintiff

v.

CENTRAL FURNITURE AND
APPLIANCES, INC.,

Defendant

ORDER

DONALD L. GARBRECHT
LAW LIBRARY

MAR 3 2003

Before this court is Central Furniture and Appliances, Inc. (Defendant)'s Motion

for Summary Judgment pursuant to M.R.Civ.P. 12(b)(6) and M.R.Civ.P. 56(c).   For

reasons stated below, the motion is Granted.

## FACTS

The Defendant operates a family-owned retail furniture and appliance business

on River Street in Sanford, Maine.  The Defendant also stores inventory in its warehouse

on High Street in Sanford, Maine.  Adjacent to the warehouse is a small paved area

where trucks make deliveries to the warehouse.  The Defendant does not own the

delivery area but does have an easement to use it.  There is a manhole in the delivery

area that is covered by a square metal plate.  In September 2000, when the Defendant

purchased the warehouse a family member/employee of the Defendant stepped on the

manhole cover, which did not move.

On the morning of March 7, 2001, two feet of snow fell in Sanford, Maine.  The

same day, Karl Lemieux (Plaintiff) decided to clear the snow off of his car in a place

other than his driveway or the street.  Consequently, the Plaintiff drove his car to the

delivery area adjacent to the Defendant's warehouse. At this time the delivery area was covered with one to two inches of snow, even though it had been plowed earlier in the day. As the Plaintiff walked around his car pushing snow off of it, he stepped on the manhole cover, which tipped down causing his right foot to plunge into the manhole. As a result, the Plaintiff injured his foot. On January 30, 2002, the Plaintiff filed a Complaint against the Defendant seeking compensatory damages for his injuries.

## DISCUSSION

The Law Court has noted that summary judgment is no longer an extreme remedy. Curtis v. Porter, 2001 ME 158, ¶ 7, 784 A.2d 18, 21. However, this court has to consider that "[w]hen facts or reasonable inferences are in dispute on a material point, summary judgment will not be entered." *Id.* ¶9. In addition, this court will view the evidence in a light most favorable to the Plaintiff, who is the non-moving party. *Id.* ¶6.

In order to defeat a summary judgment motion, the Plaintiff must meet his burden of making a prima facie showing for each element of his negligence claim. Brawn v. Oral Surgery Assoc., 2003 ME 11, ¶15, ___A.2d___. One of the elements of negligence is whether the Plaintiff owed the Defendant a duty of care, which is a question of law. *See id.* ¶17. The Defendant argues that the Plaintiff was a trespasser and therefore the Defendant did not owe the Plaintiff a duty of care. Collomy v. School Admin. Dist. No. 55, 1998 ME 79, ¶6, 710 A.2d 893, 895 (defining a trespasser as a person who enters land possessed by another without consent). While the determination of the Plaintiff's status is an issue of fact, the Plaintiff has not introduced evidence that the Defendant consented to his presence at the delivery area. *See id.* ¶6, ¶8. Hence, for purposes of this motion the court finds that because the Plaintiff was in the delivery area without consent he was a trespasser.

Nevertheless, there is an exception to the rule that a possessor of property does not owe duty of care to a trespasser. The Restatement of Torts provides:

> A possessor of land who creates or permits to remain thereon an excavation or other artificial condition so near an existing highway that he realizes or should realize that it involves an unreasonable risk to others accidentally brought into contact with such condition while traveling with reasonable care upon the highway, is subject to liability for physical harm thereby caused to persons who
> (a) are traveling on the highway, or
> (b) foreseeably deviate from it in the ordinary course of travel.

RESTATEMENT (SECOND) OF TORTS § 368 (1965). The question is whether this section of the Restatement of Torts applies to the present situation. The Plaintiff contends that the Defendant should have expected the Plaintiff to deviate from the highway during either normal and incidental travel.[1] The statements of material facts, however, show that the Plaintiff did not deviate from the highway accidently, rather they show that he intentionally traveled to the delivery area to clear snow from his car. A Restatement

---

[1] The Plaintiff relies on the following comments of section 368:

> *Deviation from the highway.* The rule stated in this Section applies to harm sustained by travelers while they are on the highway itself, as where, for example, a sign projecting from a building falls on the head of a pedestrian walking along the sidewalk. It applies also to those who reasonably and expectably deviate from the highway and enter upon the abutting land in the ordinary course of travel. The possessor is required to anticipate the possibility of such deviations and to realize, where a reasonable man would do so, that the traveler so deviating may encounter danger. The public right to use the highway carries with it the right to protection by reasonable care against harm suffered in the course of deviations which may be regarded as the normal incidents of travel. This is true particularly where the deviation is inadvertent, as where one walking on the highway slips and falls into an excavation next to it, or misses his way in the dark, strays a foot or two to one side, and falls into the pit.

RESTATEMENT (SECOND) OF TORTS § 368 cmt. e (1965).

> The rule stated is not, however, limited to such inadvertent deviations. It applies also to intentional deviations, of a kind reasonably to be expected, for a purpose incidental to travel on the public way. It applies, for example, where the highway is obstructed and the traveler detours across abutting land to avoid the obstruction. It is not, however, necessary that the deviation be privileged. The traveler may even become a trespasser, and be liable to the possessor of the land for his trespass and for any damage done to the land in the course of it. Where such casual and incidental trespasses are reasonably to be expected in the course of ordinary travel, the possessor may be required to subordinate his interest in the free and unrestricted use of his land to the public right and the interest in human safety which accompanies it.

RESTATEMENT (SECOND) OF TORTS § 368 cmt. f (1965).

comment for Section 368 asserts that "the rule stated in this Section does not apply where the traveler intentionally deviates from the highway for a purpose not reasonably connected with travel upon it." RESTATEMENT (SECOND) OF TORTS § 368 cmt. g (1965). Here, Mr. Lemieux entered the delivery area for his own convenience, not because of any inadvertent deviation or necessity. Under these circumstances the Defendant did not owe this particular Plaintiff any duty of care.

## RECOMMENDANTION

WHERFORE the Defendant's Motion for Summary Judgment is Granted.

The clerk may incorporate this order in the docket by reference.

Dated: February 2⊬, 2003

_____
G. Arthur Brennan
Justice, Superior Court

Ronald Coles, Esq. - PL
Thomas R. McKeon, Esq. - DEF

4